SARAH T. HARRIS ET AL. *v.* PLANNING COMMISSION OF THE TOWN OF RIDGEFIELD ET AL.

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 5—decided July 25, 1963

*Sidney Vogel,* with whom, on the brief, was *Gordon R. Paterson,* for the appellant (defendant Wildwood Ridge at Ridgefield, Inc.); with him also, on the brief, was *Romeo G. Petroni,* for the named defendant.

*W. Bradley Morehouse,* for the appellees (plaintiffs).

COMLEY, J.  On January 5, 1961, the planning commission of Ridgefield gave its approval to a final plan for the subdivision of property owned by Thomas Baggott.  One of the lots on this plan had an area of 1.001 acres.  The zoning commission, which in Ridgefield is independent of the planning commission, changed the zone of certain property, of which the property in question was a part, from residence R1 to residence RAA.  This change became effective November 11, 1960, and resulted in the increase of the minimum area of lots from one to two acres.  See Ridgefield Zoning Regs. § 4 (B) (1961).  Claiming that the planning commission

acted illegally in approving a subdivision containing a lot of less than two acres, the plaintiffs appealed to the Court of Common Pleas, which upheld their contention and set aside the commission's approval. Wildwood Ridge at Ridgefield, Inc., hereinafter referred to as the defendant, having purchased the lot in question and erected a dwelling thereon, has appealed to us, seeking a reversal of the judgment of the Court of Common Pleas and a reinstatement of the ruling by the planning commission.

It is the defendant's position that the regulation of November 11, 1960, increasing the minimum size of lots does not affect this subdivision because the application for approval had been filed before the change was made. The defendant maintains that this protection or insulation of a proposed subdivision against changes in zoning between the date of the original application and the date of final approval is conferred by General Statutes § 8-28a.[1]

It appears that the original application, dated September 1, 1960, was for tentative approval of a preliminary plan. A hearing was held on the application, and, on November 3, 1960, tentative ap-

[1] "Sec. 8-28a. CHANGE IN ZONING REGULATIONS OR DISTRICTS NOT TO AFFECT APPROVED SUBDIVISION PLAN. Notwithstanding the provisions of any general or special act or municipal ordinance, when an application, petition or request for approval of a subdivision plan for residential property has been filed with or submitted or made to the planning commission of any town, city or borough, or to any other body exercising the powers of such commission, accompanied by a subdivision plan and such other documents as may be required by the regulations of such commission or body, in form and content as to all essential matters as is specified in such regulations, or when any modification of such plan or other documents has been subsequently filed or submitted in connection with the same application, petition or request, which modification is in conformance with such regulations as of the time of filing of the original application, petition or request, neither such original application, petition or request

proval, to terminate on November 1, 1961, was given by the planning commission. On December 1, 1960, the developer filed his final plan of subdivision, and this plan was approved on January 5, 1961. All these steps, viz., the original application, the preliminary plan, the tentative approval, the final plan and the final approval, come within the provisions of the regulations adopted by the planning commission for the subdivision of land.[2]

The issue in the case is one of statutory construction. There can be no doubt that § 8-28a does provide a period of protection for a developer against changes in zoning between the time of his "application, petition or request for approval of a subdivision plan" and the time of final approval. The es-

nor such subsequent modification shall be required to comply with, nor shall it be disapproved for the reason that it does not comply with, any change in the zoning regulations or the boundaries of zoning districts of such town, city or borough taking effect after the filing, submission or making of such original application, petition or request. If such subdivision plan or modification thereof is given final approval, any change in the zoning regulations or the boundaries of zoning districts made between the time of filing, submitting or making of such application, petition or request and the time of such final approval shall, as to such plan or modification thereof and the land shown thereon, be deemed to take effect following such final approval."

[2] "[Ridgefield Planning & Subdivision Regs. (1961)]. 2.1 No subdivision of land shall be made and no land in any subdivision shall be sold or leased or offered for sale or lease until a plan of subdivision, prepared in accordance with the requirements of these regulations, has been approved by the Commission and has been filed in the office of the Town Clerk.

"3.1 Application for approval of the plan of subdivision shall be made by the subdivider or by his authorized agent in writing on a form furnished by the Commission and filed with the Commission. The application shall be accompanied by a preliminary plan as provided in Section 4 or by a final plan of subdivision as provided in Section 5 at the option of the subdivider, but no approval of a subdivision shall be given except on the final plan. If a preliminary plan is submitted, the Commission may give it tentative approval,

sential question is whether, under the regulations in Ridgefield, an application for tentative approval of a preliminary plan is an "application, petition or request for approval of a subdivision plan." We think that it is. Under those regulations, when such an application is made, no further application need be made. It is true that the preliminary plan must be supplanted by a final plan before final approval may be given. But the statute does not provide that the effective date for protection against changes in zoning is the date of a plan. It is the date of an application, and, in this case, only one application was made and only one was necessary. That was the application of September 1, 1960, and it was accompanied by a subdivision plan and by such other

valid for a period to be determined by the Commission, but not exceeding one year.

"3.2   The final plan of subdivision may cover only a portion of the subdivision, if the preliminary plan for the whole subdivision has been given tentative approval by the Commission.

"4.1   Prior to filing a Plan of Subdivision, the subdivider may submit in duplicate a preliminary plan which may be drawn in pencil, containing all of the information required for the subdivision plan, except that bearings, angles, and curve data may be omitted, dimensions may be approximate, and layout of proposed streets and lots may be tentative. Road profiles and road construction plans may be tentative and preliminary. Contours, location of waterways, and drainage data shall be sufficiently accurate to make the proposed plan clear.

"5.1   No plan of subdivision shall be approved unless it is drawn in ink on standard tracing linen not larger than 25″ x 37″ and to a scale approved by the Commission, not exceeding 100 feet to one inch. At the time of submitting the final plan of subdivision to the Commission, the subdivider shall submit the original and three . . . copies reproduced by black and white print or similar process. The Plan shall contain the following statement: 'The Subdivision Regulations of the Ridgefield Planning Commission are a part of this plan, and approval of this plan is contingent on completion of all the requirements of said Subdivision Regulations, excepting only any variance or modifications made in writing by the Planning Commission of Ridgefield and endorsed hereon.' "

documents as were required by the regulations of the planning commission.

Our construction of the statute is fortified by its legislative history. When introduced in the house of representatives, the purpose of the bill was stated as follows: "To provide that a subdivision plan shall be governed by the subdivision regulations in effect at the time of submission to the planning commission." Sub. for H.B. 2752, 1959 Sess. In bringing the bill before the house, the member reporting it explained that it covered "the period between the time of the preliminary application and the final approval." 8 H.R. Proc., Pt. 8, 1959 Sess., p. 3243. Approximately the same statement was made when the bill was reported to the senate. 8 S. Proc., Pt. 6, 1959 Sess., p. 2681. We may take judicial notice of the discussion on the floor of the General Assembly. *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154; *Sullivan* v. *Town Council,* 143 Conn. 280, 284, 121 A.2d 630.

It should be noted that the preliminary plan which may be filed under the regulations of the planning commission must set forth substantially all of the information concerning the subdivision which is required in the final plan. It is not a mere, meaningless sketch. Although it may be somewhat rough in form and although it need not be done with meticulous accuracy of angle and distance, it must contain essentially all the information which the planning commission needs in deciding the question of final approval.

Finally, it should be noted that the filing of an application for tentative approval of a preliminary plan does not, in and of itself, afford protection against changes in zoning. It is only when there has been final approval of a final plan that the pro-

tection relates back to the filing of the application. See *Corsino* v. *Grover,* 148 Conn. 299, 314, 170 A.2d 267.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.