GEORGE D. HUBBARD ET AL. *v.* PLANNING COMMISSION OF THE TOWN OF RIDGEFIELD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 1—decided November 23, 1966

*J. Harold Merrick,* for the appellant (defendant).

*Warren W. Eginton,* with whom, on the brief, were *George F. Lowman* and *John F. Spindler,* for the appellees (plaintiffs).

ALCORN, J. The plaintiffs owned land in Ridgefield which was zoned for residence uses on one-acre lots. They filed with the defendant an application for approval of a preliminary plan of subdivision of the property. All of the lots in the proposed subdivision contained at least one acre. Following a public hearing, the defendant granted tentative approval of the plan, valid for one year. The plaintiffs then applied, with accompanying data, for final approval of eight of the lots. Thereafter the plaintiffs' land was rezoned to require two-acre lots. Subsequently, the defendant granted the final approval requested on the eight lots. Later, the plaintiffs applied for final approval on the rest of the proposed subdivision. The defendant denied this application "because the maps presented do not comply with the requirements as to lot size for the zone in which the property is located, and for the further reason that the applicant is not entitled to the benefit of the provisions of Section 8-28a since his applications were not complete in form and content prior to the effective date of the change of zone from R-1 to RAA."

An appeal by the plaintiffs from that decision to the Court of Common Pleas was sustained, and, from that judgment, the defendant has taken this appeal.

We have very recently construed General Statutes § 8-28a as it applies to the Ridgefield planning and subdivision regulations. *Harris* v. *Planning Commission,* 151 Conn. 95, 193 A.2d 499. Since the full text of the statute and the pertinent portions of the regulations are set forth in footnotes to that decision (pp. 97-99), we do not repeat them here.

We determined in the *Harris* case that § 8-28a provides a period of protection for a developer

against zoning changes between the time of his application for approval of a subdivision plan and the time of final approval, and that an application for tentative approval which meets the existing requirements of the Ridgefield regulations sets that protection running.

The defendant claims on this appeal that it could properly deny the plaintiffs' last application for final approval for the reasons stated. The first reason, namely, that "the maps presented do not comply with the requirements as to lot size," does not support the denial. Since the granting of the plaintiffs' application for tentative approval was effective to make § 8-28a operative, the defendant had no power to deny the application for final approval merely because of the change in zone.

Nor is the second reason valid, namely, "that the applicant is not entitled to the benefit of the provision of Section 8-28a." There is no claim that the plaintiffs' application for tentative approval failed to comply with the requirements of the regulations governing such an application or that their last application for final approval was lacking in any essential. Reliance is placed on the fact that the regulations require more detailed information for a final approval than for a tentative approval. Because of this differential, the defendant argues that to gain the protection of § 8-28a an applicant must have met all the requirements for the final approval of his application. This court has decided to the contrary under the provisions of the Ridgefield regulations. *Harris* v. *Planning Commission,* supra, 100.

To support its argument, the defendant relies on dicta at the conclusion of the opinion (p. 100) in the *Harris* case. From that language it is clear

that an applicant could not claim the protection of the statute if, for some valid reason other than a failure to comply with a change of zone, his application was denied. It does not permit a denial of final approval for the reason that, lacking such approval, the statute is not a protection. If that circuity of reasoning were adopted the planning commission would have full power to nullify the statute. If, and to the extent that, the language from the *Harris* opinion could be construed as the defendant claims, we could not accept it as accurately expressing the applicable law.

There is no error.

In this opinion the other judges concurred.