George J. Finn, Trustee *v.* Planning and Zoning Commission of the Town of Seymour

King, C. J., House, Cotter, Thim and Ryan, Js.

Argued April 4—decided June 7, 1968

*Joseph P. Flynn,* for the appellant (defendant).

*Austin K. Wolf,* with whom, on the brief, was *Lawrence P. Weisman,* for the appellee (plaintiff).

RYAN, J.  The plaintiff is the contract-purchaser of a tract of vacant land, containing about twenty acres, in the town of Seymour.  On April 1, 1965, he submitted to the defendant commission a preliminary subdivision plan of his property.  On September 22, 1965, the commission approved the adoption of regulations governing the subdivision of land within the town of Seymour, to become effective October 8, 1965.  Pursuant to § 8-28 of the General Statutes, the plaintiff brought this action appealing from the adoption of these regulations by the commission, alleging that its action was arbitrary and illegal in that the regulations as adopted are in violation of General Statutes § 8-25, the enabling statute, and of § 8-26 and that the procedures and time limitations prescribed therein place an illegal, unnecessary and onerous burden on the applicant. The plaintiff requested a judgment declaring these land subdivision regulations invalid.  The trial court sustained the plaintiff's appeal and found several of the subdivision regulations invalid.  From this judgment the commission has appealed.

The commission has abandoned certain of its

assignments of error, and the only question presented in its brief concerns the validity of article II, § 1, of the subdivision regulations, which provides for the mandatory submission of a detailed application for the preliminary approval of a subdivision. The requirements for preliminary consideration by the commission of a subdivision proposal are set forth in article II, § 1, paragraphs A–M, and include the filing of an application for preliminary approval in a form specified by the regulations, the payment of a fee, and the submission of three copies of a map containing a detailed layout of the subdivision, setting forth zoning or special district boundaries, and showing the location of existing property lines and streets within 200 feet of the subdivision, the location of buildings, watercourses and other features within the subdivision, and the location of existing sewers, water mains, culverts and drains within 200 feet of the property, as well as numerous other details concerning the proposed subdivision. Article II, § 1, paragraph L, of the regulations, which is set out in the footnote, provides that preliminary approval shall not constitute final approval and shall merely authorize the submission of a final map within ninety days thereafter.[1] Article II, § 2, sets forth the requirements for final consideration and approval. Paragraph C of article II, § 2, which was declared invalid by the

---

[1] "[Seymour Subdivision Regs., art. II, § 1 (1965).] L. Approval of the Preliminary Layout: Following review of the Preliminary Layout, the Planning Commission shall, on or before the date of its next regular meeting, act thereon as submitted, or modified. If the Commission is satisfied that the preliminary maps and plans of the proposed subdivision are in accord with these regulations, the Commission shall give preliminary approval. If the Commission is not so satisfied, it shall express its disapproval and its reasons therefor. Preliminary approval shall not constitute final approval and

trial court and concerning which no appeal was taken by the commission, provides that subdivision plans "shall be considered officially submitted at a regular meeting of the Planning Commission provided a copy of the application" has been filed with its secretary "at least seven days in advance of such meeting." Paragraph G of article II, § 2, provides that "[w]ithin sixty days of the official submission date of the Plan, the Planning Commission will approve, approve with modifications, or disapprove such Plan." It is obvious that under these regulations the process of approval is in two stages: (1) the filing of an initial plan for preliminary approval and (2), if that is granted, the submission of a plan for final approval.

In planning matters the town of Seymour is acting under chapter 126, §§ 8-18—8-30a, of the General Statutes. It is provided by § 8-25 that no subdivision of land shall be made until a plan for such subdivision has been approved by the commission. Before exercising the powers granted by this statute, the commission must adopt regulations governing the subdivision of land. *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 83, 103 A.2d 814. Section 8-25 contains the standards within the framework of which the authority to adopt regulations is delegated to planning commissions. Section 8-26 provides for the manner in which subdivi-

---

shall merely authorize the submission of a final map. The final map must be submitted within 90 days after preliminary approval, and, in the event of failure to submit a final map within 90 days, preliminary approval shall become null and void unless an extension is granted by the Commission. The action of the Planning Commission shall be noted on two copies of the Preliminary Layout, referenced and attached to any conditions determined. One copy shall be returned to the Subdivider and the other retained by the Planning Commission."

sion plans shall be submitted to the commission. It requires that "[t]he commission shall approve, modify and approve, or disapprove any subdivision application or maps and plans submitted therewith within sixty days after the submission thereof. . . . [and that the] failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of this period may be had with the consent of the applicant." The obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. The language of the statute is mandatory. To the extent that the regulations increased the time beyond the permissible period of sixty days from the submission of the application to the decision of the commission, such regulations are invalid.

The commission urges that this court has indirectly upheld the validity of regulations requiring preliminary plans. This is not an accurate statement since we have never been required to decide this question in the past. In *Harris* v. *Planning Commission,* 151 Conn. 95, 193 A.2d 499, we were called upon to determine only whether the filing of an application for tentative approval of a preliminary plan was an "application . . . for approval of a subdivision plan" within the meaning of § 8-28a of the General Statutes, which gives protection to a developer of residential property against changes in zoning taking effect after the filing of such an application. In that case we said (p. 99): "It is true that the preliminary plan must be supplanted by a final plan before final approval may be given. But the statute [§ 8-28a] does not provide that the

effective date for protection against changes in zoning is the date of a plan. It is the date of an application, and, in this case, only one application was made and only one was necessary." See *Hubbard v. Planning Commission,* 154 Conn. 252, 254, 224 A.2d 556. In *Crescent Development Corporation v. Planning Commission,* 148 Conn. 145, 147, 168 A.2d 547, the plaintiff filed a preliminary application for a subdivision, but we were not called upon to determine the validity of the procedure. In *Treat v. Town Plan & Zoning Commission,* 145 Conn. 406, 409, 143 A.2d 448, we noted parenthetically that the regulations in the town of Orange provided for the submission of a preliminary map and a final map, but no issue was raised concerning that procedure. See also *Metropolitan Homes, Inc. v. Town Plan & Zoning Commission,* 152 Conn. 7, 202 A.2d 241.

There is no provision in either § 8-25 or 8-26 of the General Statutes which gives specific authority to the commission to provide for the submission of a preliminary plan and for preliminary approval as a condition precedent to final approval. "It has been said that the whole field of subdivision regulation is peculiarly a creature of legislation. It is therefore imperative that before subdivision regulations may be made operative, the necessary statutory authorization for such regulation must exist." 2 Yokely, Zoning Law and Practice (3d Ed.) § 12-3. "In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment." *Avonside, Inc. v. Zoning & Planning Commission,* 153 Conn. 232, 236,

215 A.2d 409; see "The Connecticut Law of Zoning (Part C)," 41 Conn. B.J., 658, 670.

Section 8-26 also provides: "All plans for subdivisions shall be submitted to the commission with an application in the form to be prescribed by it." We recognize that, since the commission is empowered to "modify and approve" any application or maps and plans submitted therewith, it may be necessary within the sixty-day period for the applicant to submit more than one map or plan. The statute relates to the application rather than to the maps or plans which are incidental thereto. It provides for only one application and requires that it must be acted upon within sixty days. Failure of the commission to act within such time shall be considered as an approval. The regulations in question in the instant case provide in effect for two separate and distinct applications although the second, and so-called official submission, avoids the use of the word "application" and refers instead to a "plan." In our opinion this is in reality a second application, for which there is no statutory authorization. "No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power." *State ex rel. Huntington* v. *McNulty,* 151 Conn. 447, 449, 199 A.2d 5. In the instant case, there is no such grant of authority to planning commissions. We conclude therefore that paragraphs A through M of § 1 of article II are invalid insofar as they are made requirements for a separate and preliminary application for subdivision approval. The judgment of the trial court holding invalid certain other sections of the regulations was not attacked in this appeal and therefore stands as rendered. The

action of the trial court in sustaining the appeal was correct.

Although we recognize the many problems and burdens which confront local planning commissions, the remedy, if one is required, is legislative rather than judicial.

There is no error.

In this opinion the other judges concurred.