[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Wayne Kompare, brings this appeal from a decision of the defendant, Planning Commission of the City of Danbury, denying his request for a resubdivision of property requiring three waivers of provisions of the Danbury Subdivision Regulations.
The resubdivision application dated February 2, 1998 (ROR I-1A), requested approval of two lots, configured from an 8.687 acre parcel (ROR I-22).
The parcel, located in a RA-80 zone at 178 Middle River Road, is owned by the plaintiff, Wayne Kompare (Exhibit 1), and has been owned by him at all times since the application was filed.
The resubdivision proposal necessitates three waivers of the requirements contained in Chapter 4 § B (11) of the subdivision regulations:
 (1) to permit the area of an accessway to be off a collector road (Middle River Road); CT Page 8894
(2) to permit an accessway in excess of 400 feet;
(3) to permit an accessway less than 20 feet in width.
The Danbury Code prohibits accessways from collector roads.
Furthermore, an accessway in a RA-80 zone cannot be longer than 400 feet, or less than 20 feet wide (ROR I-19, p. 2; ROR I-1, p. 11).
The plaintiff's proposal (ROR I-22) calls for an accessway over 800 feet long and 16 feet wide.
Prior to the application for resubdivision, the plaintiff sought and received a variance from the Danbury Zoning Board of Appeals, permitting a variance of the zoning regulation requiring 20 feet as the width of an accessway (ROR I-2).
A public hearing concerning the request for waivers of the subdivision regulations was properly noticed (ROR I-9), and was conducted on March 18, 1998.
During the course of the hearing, Associate Planner, Nicholas Romaniello, reviewed the history of the parcel, including prior subdivision proposals and presented a staff report (ROR I-11).
The report acknowledged that an existing Lot C had been divided into two lots without the recording of a map or obtaining subdivision or resubdivision approval.
He recommended, however, that the commission approve the plaintiff's request, thus legitimizing and rectifying the prior transaction.
He recommended approving the requested waivers to Chapter 4 A B (11) of the Danbury Subdivision Regulations.
The waivers were sought consistent with Chapter 6 § F (1) of the Danbury Subdivision Regulations (ROR I-1, p. 27), pursuant to authority granted by § 8-26 of the Connecticut General Statutes.
Section 8-26 provides, in relevant part:

CT Page 8895 Such [subdivision] regulations may contain provisions whereby the commission may waive certain requirements under the regulations by a three-quarters vote of all the members of the commission in cases where conditions exist which affect the subject land and are not generally applicable to other land in the area, provided that the regulations shall specify the conditions under which a waiver may be considered and shall provide that no waiver shall be granted that would have a significant adverse effect on adjacent property or on public health and safety.
The "super majority" requirement contained in the statute requires four members of a five member commission to vote in favor of granting a waiver.
On April 1, 1998, the commission voted 4-1 to reject the plaintiff's resubdivision application (ROR I-20, p. 13).
The April 1 vote was, however, reconsidered on April 15, 1998.
Following the vote to reconsider, the commission rejected a motion to approve the three waivers requested.
The motion was defeated with one in favor and two opposed (ROR I-21, p. 7).
The plaintiff appealed from the April 15, 1998 vote, and the appeal was returned to court (Docket No. CV98-0331797 S).
On October 19, 1998, at the request of the parties, the court approved withdrawal of the appeal, based upon a stipulation dated October 13, 1998.
The parties stipulated that the entire matter would be returned to the commission for reconsideration and a further vote (ROR II-1).
The commission considered the application during six meetings (ROR II-5, 6, 7, 8, 9 and 10), and on December 16, 1998 voted to deny the resubdivision application by a 4-1 vote (ROR II-10, p. 3).
The specific reasons for the commission's decision were detailed in a resolution (ROR II-2, pp. 3-4). CT Page 8896
The plaintiff has again appealed, claiming that the commission's decision is illegal, arbitrary, in abuse of the discretion vested in the commission by law, and not supported by the evidence in the record.
 AGGRIEVEMENT
The plaintiff, Wayne Kompare, is the owner of the property which is the subject of the resubdivision application.
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming aggrievement must satisfy a well established two-fold test for classical aggrievement: (1) he must show that he has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as concern of all members of the community as a whole; and (2) he must show that his specific personal interest has been specifically and injuriously affected by the action of the commission. Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47
(1984); Hall v. Planning Commission, 181 Conn. 442, 444 (1980).
Ownership of the property which is the subject of the resubdivision application and the request for waivers demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Commission, 203 Conn. 525, 530 (1987).
The denial of the resubdivision application has specifically and injuriously affected Wayne Kompare's interest.
The plaintiff is aggrieved by the decision of the defendant, Planning Commission of the City of Danbury.
 STANDARD OF REVIEW
When acting upon a subdivision or resubdivision application, the commission acts in an administrative capacity. RK DevelopmentCorporation v. Norwalk, 156 Conn. 369, 372 (1968); Baron v.Planning Zoning Commission, 22 Conn. App. 255, 256 (1990). CT Page 8897
Its authority is limited to determining whether the plan before it complies with the regulations adopted for its guidance.Blakeman Planning Commission, 152 Conn. 303, 306 (1965); Langbeinv. Planning Board, 145 Conn. 674, 679 (1958).
If the plan conforms to the existing regulations, the commission has no discretion or choice but to approve it.Westport v. Norwalk, 167 Conn. 151, 157 (1974).
The action of the commission must be viewed in light of the record before it. Ferndale Dairy, Inc. v. Zoning Commission,148 Conn. 172, 176 (1961). A trial court can sustain an appeal only upon a finding that the decision of the commission was unreasonable, arbitrary or illegal. Schwartz v. Planning ZoningCommission, 208 Conn. 146, 152 (1988); Shailer v. Planning Zoning Commission, 26 Conn. App. 17, 25 (1991).
When a zoning authority has stated the reasons for its actions, the reviewing court ought to examine the assigned grounds to determine whether they are reasonably supported by the record. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440,445 (1979); DeMaria v. Planning Zoning Commission,159 Conn. 534, 540 (1970).
If any reason offered in support of the commission's action would support the action, the appeal must fail, and the decision of the commission must be sustained. Blakeman v. PlanningCommission, supra, 306; Crescent Development Corporation v.Planning Commission, 148 Conn. 145, 150 (1961).
The plaintiff bears the burden of demonstrating that the commission acted improperly. Shailer v. Planning ZoningCommission, supra, 25; Baron v. Planning Zoning Commission, supra, 257; Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707 (1988).
A zoning commission is endowed with liberal discretion, and courts must be cautious about disturbing a commission decision.Krawski v. Planning Zoning Commission, 21 Conn. App. 667, 671
(1990); Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 56-57 (1987).
 COMMISSION ACTED WITHIN ITS DISCRETION IN DENYING WAIVERS TO THE PLAINTIFF
CT Page 8898
Here, all parties agree that the plaintiff's resubdivision application does not comply with the Danbury Subdivision Regulations, and that three waivers must be obtained in order for the application to be approved.
Since the entire field of subdivision regulation is a creature of statute, any waiver may only be granted according to the terms specified in the statute, § 8-26 of the Connecticut General Statutes. Finn v. Planning Zoning Commission,156 Conn. 540, 545 (1968).
The applicable portion of § 8-26 is permissive, both as the incorporation of its provisions into municipal subdivision regulations, and the use of the waiver authority by the commission.
The statute establishes a super majority (75 percent) standard for the exercise of the waiver power.
The plaintiff has cited no case in which a commission, having determined not to grant a waiver, was ordered to waive the provisions of its regulations by a court.
Although the waiver provision does provide for flexibility, the granting of subdivision variances by a commission is rare. R. Fuller, Land Use Law Practice, § 10.13, p. 187.
In this case, the plaintiff was unable to muster even a simple majority in support of his waiver request.
Furthermore, the commission provided detailed reasons for its refusal to grant the waivers, including a description of the area surrounding the proposed resubdivision (ROR II-2, pp. 3-4).
The requested waivers would have more than doubled the permitted length of an accessway in a RA-80 zone, and simultaneously constricted the width of the accessway.
The commission declined to exercise the extraordinary authority given it to grant the plaintiff's waiver requests.
The court declines to invoke the even more extraordinary prerogative of requiring the commission to do that which it expressly refused to sanction. CT Page 8899
Although the landlocked status of the property, coupled with its size and location might, under appropriate circumstances, give rise to a claim that the refusal to grant the waivers amounts to a taking of the plaintiff's property, that issue is not presented in this appeal and must be left for another day.
The plaintiff's appeal is dismissed.
Radcliffe, J.