[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Jeffrey C. Bergren, an owner of real property, from the approval by the Planning and Zoning Commission of the Town of Berlin ("the Commission") of open space subdivision and subdivision applications submitted by the defendant, Earl H. Wicklund, Inc. ("Wicklund"). The plaintiffs property abuts the proposed Wicklund subdivision.
The record shows as follows. On August 30, 1999, a professional engineer Barton Bovee, representing Wicklund, wrote to the Commission seeking a conference on a preliminary plan for a subdivision of property on the west side of Savage Hill Road in Berlin. (Return of Record ("ROR"), Item 1.) The Commission placed the request on the agenda of its meetings of September 9, 1999, and October 14, 1999, at which time the Commission advised Bovee and Wicklund to continue to develop its plans further. (ROR, Items 3, 7.)
On November 6, 1999, the Commission held a special meeting to conduct a site walk on the property. (ROR, Item 16.) At the November 18, 1999 meeting, members of the Commission again discussed the preliminary plans. The members raised such issues as the temporary cul-de-sac on Clockshop Drive and the effect of the subdivision on town services. (ROR, Item 19.) In the end a non-binding vote to approve suitability was adopted by a four to three vote. (ROR, Item 18, p. 9.)
On March 16, 2000, Wicklund filed an application for subdivision approval for the property and an application for a special permit to conduct an open space subdivision use on the property. (ROR, Items 27, 28.) The proposal took into account matters discussed in the initial conference, by eliminating the extension of a road by a cul-de-sac and reducing the number of lots. (ROR, Item 28.)
The application received a public hearing at the April 27, 2000 meeting of the Commission with a presentation by Bovee, Wicklund's engineer. (ROR, Item 60, pp. 2-12.) During the public portion of the meeting, the plaintiff addressed the Commission on two issues, access to Circlewood Drive and the placement of sidewalks on the eastern side of the subdivision that would possibly lead to icing problems. (ROR, Item 60, CT Page 9054 p. 15.) Subsequently, the public hearing was continued to the next meeting of the Commission. (ROR, Item 60, p. 36.)
The public hearing was reconvened on May 11, 2000. (ROR, Item 61.) Again, Bovee made a presentation, including some changes to the plan, such as addition of surface drains and under drains to provide additional drainage to prevent icing on sidewalks. (ROR, Item 61, pp. 1-16.) The plaintiff at this hearing pointed to the buffer areas on the plan as being in violation of the subdivision regulations, a cul-de-sac as exceeding the proper length, and the drainage plan as inappropriate. (ROR, Item 61, p. 27.) The Commission voted again to continue the public hearing. (ROR, Item 61, pp. 30-31.)
The third segment of the public hearing was held on May 25, 2000. Bovee took up several issues including open space, under drains, and sidewalks. The Commission again voted to continue the public hearing. (ROR, Item 62.)
On June 8, 2000, the Commission held its fourth and final session of the public hearing. (ROR, Item 63.) Bovee discussed such matters as a conservation easement, sidewalks on Circlewood Drive, drains and under drains added to several lots, and development of a right-of-way to Sage Park. This time, the plaintiff was represented by counsel. He made the following points. He stated that the zoning regulations required a 100-foot buffer between any structure within the open space subdivision and the perimeter of the subdivision boundary. (ROR, Item 63, p. 11.) He maintained that Wicklund had not requested a waiver of the buffer requirements in writing, and therefore the application was incomplete and must be rejected. (ROR, Item 63, p. 11.) He suggested that the subdivision would exacerbate drainage problems. (ROR, Item 63, pp. 11-12.) He also stated that a proposed cul-de-sac on Circlewood Drive exceeded the length permitted by the zoning regulations. (ROR, Item 63, p. 13.)
Bovee replied that the request for waivers was made at the first hearing in the matter and that the Commission was allowed to reduce the 100 foot requirement. (ROR, Item 63, p. 14.) The proposed plan included supplemental evergreen plantings to be planted along the edge of the subdivision to provide screening between homes. (ROR, Item 63, p. 14.) With respect to the 50-foot buffer shown on the plan, Bovee noted that the request was due to the severe elevation change and the embankment along that portion of the subdivision that served as screening between the proposed homes and the perimeter of the subdivision. (ROR, Item 63, p. 14.) With respect to the 30-foot buffer proposed for a portion of the subdivision, Bovee noted that an existing evergreen row would maintain adequate screening separation that justified reduction in the 100-foot CT Page 9055 buffer. (ROR, Item 63, p. 14.) Bovee also testified that the cul-de-sac regulation referred to by the plaintiffs attorney applied only to permanent cul-de-sacs and did not apply to the temporary cul-de-sac extension proposed by Wicklund. (ROR, Item 63, p. 15.)
After these final remarks on behalf of the plaintiff and Bovee, the public hearing was closed. (ROR, Item 63, p. 16.) Commissioner Weiss then moved to approve the subdivision and special permit applications on the following conditions: (a.) waiver of the buffer requirements; (b.) submittal of a bond in an amount to be determined by staff; (c.) dedication of open space of the area of the property which contains the waterfall; (d.) access rights from the end of Clock Shop Drive to the open space area. (ROR, Item 40, p. 3.) The motion was seconded and approved unanimously. (ROR, Item 40, p. 3.)
The plaintiff has appealed from the Commission's decision. He is statutorily aggrieved under General Statutes § 8-8 (a) as the owner of lot number 25H on Circlewood Drive, which abuts the approved subdivision. (ROR, Item 65.)
The first matter for the court to decide is what issues it may review in this appeal. The plaintiffs amended complaint alleges violations of the General Statutes and town regulations. (Amended Appeal, p. 2-6, ¶ 8(a)-(u).) In the plaintiffs brief and at oral argument, most of these issues received little legal or factual analysis. These violations were not more fully developed than the listing in the amended complaint. In a case where a brief had minimal citations and analysis, the Appellate Court stated: "Where a claim receives only cursory attention in the brief without substantive discussion, it is deemed to be abandoned. . . ." (Citations omitted.) In re Shane P., 58 Conn. App. 234, 243 (2000).
"Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . ." (Citations omitted.) Avalon Bay Communities, Inc. v. Orange InlandWetlands and Watercourses Commission, Superior Court, judicial district of New Britain at New Britain, Docket No. 492660 (August 13, 1999,Munro, J.), citing Merchant v. State Ethics Commission,53 Conn. App. 808, 818 (1999).
Based on this clear precedent, the court will not consider the following issues raised by the plaintiff:
 d. The Commission did not apply the regulations so as to fulfill the objectives for Open Space Subdivisions as are stated in the regulations (VA. 8. a. and b.);
f. The Commission failed to assess problems related to the misplacement CT Page 9056 of catch basins on and around Lot #1 which will fail to properly drain surface water and interfere with the Plaintiffs ability to extend his driveway (XII and Subdivision ART V 52:02);
 g. The Commission failed to address the fact that catch basins #'s 1 and 2 as well as the `U' drain on the eastern side of the Circlewood Drive extension did not appear on the Inland Wetlands Map (Subdivision ART V 52:02 and 52:021);
 h. The Commission failed to address the absence of a 100 foot buffer between the proposed development and adjacent wetlands on lots #'s 9-16
as is required by the regulations;
 i. In reviewing the Applicant's special permit application, the Commission failed to prescribe reasonable conditions, restrictions or safeguards to insure that the proposed development and its utilities were suitably located, adequately designed, and properly installed to serve the proposed uses, and to protect the environment from adverse air, water, or land pollution as is required pursuant to the regulations (XII B. 5.);
 j. In reviewing the Applicant's special permit application, the Commission failed to prescribe reasonable conditions, restrictions or safeguards to insure that the location and size of the proposed development, the nature and intensity of the operations involved in or conducted in connection with it, the size of the site in relation to it, and the location of the site with respect to streets giving access to it were such that it would be in harmony with the appropriate and orderly development of the area as is required pursuant to the regulations (XII);
 * * * l. The Commission approved the subdivision application without the Applicant's submission of an additional application to modify the existing neighboring subdivision known as the Circlewood Drive subdivision even though the proposed subdivision will alter said existing subdivision (ART III Subdivision 32:07);
 * * * n. The special permit application failed to conform to the regulation. (Sec. XIIB. 1.)
(Brief of the Plaintiff Jeffrey C. Bergren, pp. 15-17.) CT Page 9057
The court will consider the following issues as properly raised and discussed by the plaintiff in his brief: 1. the determination of suitability procedure; 2. the alleged denial of fundamental fairness; and 3. the following regulatory violations:
 a. Approval of the subdivision application violated the regulations in that said application does not provide for a minimum buffer of 100 (one hundred) feet between the proposed Open Space Subdivision and surrounding properties as is required by the regulations (VA. 8.d. (3));
 b. The Commission approved the buffer referenced in subsection (a) even though the Applicant failed to apply for a waiver of the buffer requirement as is required pursuant to the regulations (VA. 8. d. (3));
 c. The Commission failed to make a finding that the buffer referenced in subsection (a) should be reduced on the grounds that existing topography, natural features or existing forest areas would provide a sufficient buffer area as is required pursuant to the regulations (V A. 8. d. (3));
 e. The Commission failed to assess problems related to excess surface and groundwater runoff from the proposed development onto surrounding properties as is required by the regulations (VA. 8);
 k. The Commission failed to waive the buffer requirement referenced in subsection (b) of this paragraph in accordance with the subdivision regulations (Subdivision ART IV 44:01);
 m. The Commission approved the creation of a cul-de-sac extension of Circlewood Drive which exceeds the length permitted for cul-de-sacs under the subdivision regulations (Subdivision Section III, 3.06.08).
(Brief of the Plaintiff Jeffrey C. Bergren, pp. 15-17.)
The Commission is to decide, both on a subdivision application and on an application for a special permit, whether the proposed plan complies with the applicable regulations. R.B. Kent Son, Inc. v. PlanningCommission, 21 Conn. App. 370, 373 (1990); Whisper Wind DevelopmentCorporation v. Planning Zoning Commission, 32 Conn. App. 515, 519
(1993), aff'd, 229 Conn. 176 (1994).
The court must determine whether the Commission correctly interpreted its regulations and applied its interpretation with reasonable discretion to the facts presented. Thorne v. Zoning Board of Appeals, CT Page 9058156 Conn. 619, 620 (1968). "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised. . . ." (Citations omitted; internal quotation marks omitted.) Grace Community Church v. Planning ZoningCommission, 42 Conn. Sup. 256, 262 (1992), citing Oakwood DevelopmentCorporation v. Zoning Board of Appeals, 20 Conn. App. 458, 460, cert. denied, 215 Conn. 808 (1990).
If no formal reasons are offered by the agency, the record must be searched to determine if any reason could have supported the Commissions's action. Protect Hamden/North Haven from Excessive Traffic Pollution,Inc. v. Planning Zoning Commission, 220 Conn. 527, 554 (1991). Since no formal collective statement of reasons was adopted by the Commission in this case, the court must search the record to determine if substantial evidence of record supports the Commission's decision.
The plaintiff first claims that the Commission was not allowed to hold the preliminary "determination of suitability" proceedings. There is no question that a provision of the Town of Berlin Subdivision Regulations (Supplemental ROR, Item 67) calls for an initial conference on sketch layout. Section 30.01 of the Subdivision Regulations of the Town of Berlin provides as follows:
INITIAL CONFERENCE ON SKETCH LAYOUT
The Commission has accumulated considerable information which may be of material assistance to the prospective subdivider. Therefore, developers in the Town shall call on the Planning Commission at one of its regular meetings, or for minor subdivisions the Town Engineer, for an initial conference at the very outset. This will afford an opportunity to discuss with the Commission and the Town Engineer the Requirements as to the general layout of streets, and reservations of land, street improvements, drainage, sewerage, water, fire protection, and similar matters, as well as availability of existing services. At this meeting the sketch plan will be informally submitted to the Planning Commission so that the subdivider may introduce the proposal to the Commission and so that the date of a public hearing, if required, may be set. This informal submittal shall not be considered an application for approval. . . .
The plaintiff relies on Finn v. Planning Zoning Commission,156 Conn. 540 (1968) to contend that a subdivision regulation calling for a preliminary review is not permitted. Finn only held, however, that formal review could not be imposed upon the developer, and did not address the issue of whether an abutting landowner might raise a challenge based upon CT Page 9059 such a procedure. Id. 545.
The precedent after Finn has distinguished the situation where the developer is bound by a preliminary review. It has been held that the Commission has the authority under General Statutes § 8-25 (a) to adopt regulations permitting an informal review. As the court stated inOwen v. Planning Commission of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309563 (September 20, 1994, Fuller, J.):
"While a planning commission may engage in informal or preliminary review of a subdivision application for practical reasons and to assist both the applicant and the commission, any conclusions reached would at most be advisory, and certainly would not create any vested rights for the applicant." This point was also emphasized in Paige v. Planning Zoning Commission, Superior Court, judicial district of Fairfield, Docket No. 8289197 (January 27, 1993, Levin, J.), reversed on other grounds,235 Conn. 448 (1995). The trial court held that the Fairfield town planning and zoning commission did not attach any legal significance to the purported approval of the preliminary plan in its subsequent deliberations on the formal application for re-subdivision. See also then Judge Borden's remarks in dissent in Krawski v. Planning Zoning Commission,21 Conn. App. 667, 678, cert. denied, 215 Conn. 814 (1990):
 This section [similar to § 30.01] does no more than set forth a permissive procedure under which a subdivision applicant may obtain an informal review prior to the submission of a formal application. There is nothing to suggest that this preliminary planning procedure creates binding standards that must be followed when a final application is formally submitted.
 Furthermore, there is nothing in General Statutes § 8-26 that provides for the use of binding preliminary or concept plans in the subdivision approval process. A planning commission can exercise only those powers expressly granted to it, and in determining whether it has the authority for a specified act, we do not search for a statutory prohibition against such an [action]; rather, we must search for statutory authority for the action. . . .
(Citations omitted; internal quotation marks omitted.)
The informal, preliminary subdivision review is nationally quite common. See K. Young, Anderson's American Law of Zoning (4th Ed. 1997) § 25.13; Schenkel v. Allen County Planning Zoning Commission,407 N.E.2d 265, 267 (Ind.App. 1980.) (Court would not review denial of preliminary review as it was only informal and no final decision). CT Page 9060
Based on the foregoing, it is clear that the Berlin Subdivision Regulations § 30.01 is not invalid. This informal procedure is not to be considered a statutorily unauthorized application for approval. Nor does the plaintiff have standing to challenge such a program established between the Commission and prospective developers. Jimmies v. West HavenPlanning and Zoning Commission, Superior Court, judicial district of New Haven, Docket No. 373221 (March 18, 1997, Blue, J.) (Statutory aggrievement not blanket finding that plaintiff may raise procedural issues having no direct bearing on him).
Finn v. Planning Zoning Commission, supra, 156 Conn. 544 also criticized the Seymour regulation because it was one part of a two-part process to obtain subdivision approval; this interfered with the timetable for consideration of applications set forth in General Statutes §8-26. The plaintiff claims that this situation also pertains here, citing §§ 30.01, 31.08, 31.09 of the Subdivision Regulations. Quite to the contrary, the Berlin subdivision regulations allow for the preliminary review, but require the formal application to be filed under §§ 31.08 and 31.09 of the Subdivision Regulations. Section 31.08 of the Subdivision Regulations requires the formal application to be filed with the town engineer and § 31.09 of the Subdivision Regulations sets the date of five days before the regular meeting as the time when all materials must be in the hands of the town engineer. This is not the two-stage regulation condemned in Finn v. Planning Zoning Commission, supra.
Second, the plaintiff argues that his right to a fair hearing was denied, relying on Grimes v. Conservation Commission, 243 Conn. 266, 273
(1997). The argument is that the preliminary review determined the outcome of the formal application process and the formal process became a "rubber stamp."
The record does not support this contention. The formal application did not mirror the preliminary plan and during the four hearings held on it, there were substantial changes made. The public, including the plaintiff, had ample time to address any issues raised by the Wicklund's plan.[1] The vote of the Commission was 4-3 at the preliminary meetings; it was unanimous in the final determination. The plaintiff has the burden to show that the approval process was predetermined; Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 537 (1987);Marmah, Inc. v. Greenwich, 176 Conn. 116, 123 (1978); and that burden has not been met here.
The court will next address the claims regarding the Commissions's regulations that the plaintiff has briefed in this appeal. The first CT Page 9061 point is that the zoning regulations (ROR, Item 66) were violated because the Commission did not provide for a buffer of 100 feet between the open space subdivision and surrounding properties. Zoning Regulations, Town of Berlin § VA. 8.d (3). This point is not well taken as the regulation specifically allows for the Commission to reduce the size of the buffer. The possibility of reduction is allowed by General Statutes § 8-26.
The second point raised is that Wicklund should have applied in writing for the reduction of the 100 foot buffer. This position has been previously rejected. Rohs v. Darien Planning Zoning Commission, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 052443 (May 28, 1991, Hauser, J.). Moreover, Wicklund's engineer Bovee discussed the buffer situation at the four hearings held by the Commission. This amounted to a request for a waiver.
The third point is that the Commission failed to make a finding on the reasons that it was electing to waive the 100 foot requirement. The decisions have held that on the failure to specify the reasons of a reduction in the set-back, the trial court should look to the record to determine whether reasons exist in the record. Rohs v. Darien Planning Zoning Commission, supra, Superior Court, Docket No. 052443; Cahill v. Old Saybrook Planning Commission, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089791 (June 19, 2000, Arena, J.);Stafford Higgins v. Planning Commission, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 099901 (November 15, 1990, Copotto, J.). Here, during the four days of hearing, Bovee, thoroughly explained that the topography at the site did not require the full 100 feet. (ROR, Item 63, pp. 13-16.) The Commission logically relied on this presentation.
The final point on the buffer is the claim that the Commission violated § 44:01 of the Subdivision Regulations in not considering that health and safety effects on the abutting landowners. There is substantial evidence in the record to the contrary. As indicated above, Wicklund addressed the issue at the four hearings. Further, the Commission was aware that the setback requirement other than for open space subdivisions was twenty feet. Here, the buffer varied between thirty and fifty feet. Thus, the record supported the Commission's decision to reduce the 100 foot requirement of § VA. 8.d. (3) of the Zoning Regulations and did not violate § 44:01 of the Subdivision Regulations.
The next point raised by the plaintiff is that the Commission inadequately considered the issue of surface and groundwater runoff from the proposed development onto surrounding properties. The plaintiff sets forth Zoning Regulation § V. A., but has not pointed to any specific section of the regulation in his argument. Moreover, the record supports CT Page 9062 the Commission's decision. The applicant over the three hearings after the initial hearing, developed a response to the plaintiffs criticism on the run-off. Catch basins and other drainage modifications were proposed by the applicant. (ROR, Item 62, pp. 2-4.)
Finally, the plaintiff suggests that the cul-de-sac exceeded the maximum length allowed by the regulations. The length limitation only applies to permanent cul-de-sacs. Subdivision Regulations § 3.06.08. The record shows that the street was to be only a temporary cul-de-sac and would ultimately be connected to Savage Hill Road through property of Evelyn Anderson. (ROR, Item 63, p. 15.)
To conclude, the Commission did not abuse its discretion in approving the open space subdivision and the subdivision application. The appeal is therefore dismissed.
 ____________________ HENRY S. COHN, JUDGE