**STATE, ex rel. WOLLETT, Relator, v. OESTREICHER et, Respondents.**

Common Pleas Court, Franklin County.

No. 187269. Decided May 25, 1953.

Thomas Applegate, for relator.

Richard W. Gordon, City Atty., J. Raymond Snowden, Asst. City Atty., Columbus, for respondents.

**OPINION**

By BARTLETT, J.

**WRIT OF MANDAMUS ORDERED TO ISSUE IN ACCORDANCE WITH PETITION.**

The petition recites that the Relator is the owner of 13.313 acres of land in Clinton Township as described therein; that on February 18, 1953, Relator submitted a plat of the premises to the Respondents as the Planning Commission of the City of Columbus; that on February 19, 1953, the Respondents deferred consideration of said plat; that on April 3, 1953, in answer to a request by Relator that said plat be approved or disapproved, the Respondents reaffirmed their previous action and further deferred consideration of said plat; and prays for a writ of mandamus, commanding the Respondents to issue a certificate as to the date of the submission of the plat to the Respondents and their failure to approve or disapprove the same within thirty days as required by §3586-1 GC.

The answer of Respondents admits Relator submitted a plat of the premises on February 18, 1953; for the consideration of Respondents and tentative approval; that on February 19, 1953, Respondents considered said plat and deferred consideration thereof; that prior to February 18, 1953, the city council of Columbus had by resolution ordered appraisals to be made of the premises and other real estate in its vicinity to be acquired by the city for public park purposes; that on February 24, 1953, the Relator was advised that Respondents deemed it wise to defer consideration of said plat since city council had declared its intention to purchase said land for park purposes; that on March 24, 1953, Relator requested the Respondents to issue a certificate as to the date of submission of said plat and the failure of Respondents to take action thereon; and that on April 3, 1953, the Relator was again advised of the previous action of Respondents; that said plat was picked up on February 20, 1953, by counsel for Relator; that contrary to the rules of the City Planning Commission, after filing his tentative plat, said Relator has not presented a final plat in the form required by said City Commission; and, therefore, has not exhausted his administrative remedy by filing the final plat

The evidence at the trial was generally in accordance with the pleadings, except that it was clearly established that the plat filed remained in possession of Respondents. One of the Respondents under oath admitted that they did not intend to act on said plat until compelled to, and that their action would be delayed as long as possible.

Sec. 3586-1 GC, is the controlling section as to plats in the present case. This section of the code provides in substance that no plat of land in the city or within three miles of the corporate limits thereof, shall be recorded until approved by the City Planning Commission with its approval endorsed thereon. Provided, however, such approval or refusal to approve, shall be within thirty days after submission of the plat; otherwise it shall be deemed approved, and a certificate as to the date of the submission of the plat and the failure to act thereon within such time shall be issued on demand, with the ground of refusal or approval noted on the records of Respondents as the City Planning Commission.

Sec. 3586-1 GC, supra, does not recognize or require, **tentative** approval of plats, or **tentative** and **final** plats (emphasis ours); and the City Planning Commission cannot by rules and regulations limit or extend the terms of the statute. The only remedy of the commission is to refuse to approve the plat if it does not comply with the rules and regulations of the commission. The Planning Commission cannot defer action on the plat submitted more than thirty days; otherwise it will be deemed approved; and thereupon it is mandatory that the certificate of the planning commission, on demand, shall be issued showing the date of submission of the plat and its failure to act thereon.

It must be borne in mind that the city council has not adopted a resolution declaring its intention to appropriate this land by eminent domain for park purposes, in which event, "the property was set apart for a particular purpose in exclusion of all others and in that sense was appropriated." **Euclid (city) v. Vogelin et al., 54 Abs 289.** Under such circumstances, the Relator would not be deprived of his land or the use thereof, without compensation as required by the constitution of Ohio.

In fact the city council of Columbus has no legal authority to acquire the land in question by eminent domain, since this land is not in the city or contiguous thereto. **Secs. 3678** and **4060 GC.** If this land is acquired by the city for park purposes, it must be by purchase; and the resolution of council merely declares its intention to purchase this land for such purpose. Such procedure does not assure the Relator of com-

pensation in depriving him of the use of his property; and, therefore, the planning commission must be held strictly to the terms of the statute.

The acquiring of land for parks is generally accepted today as a highly laudable and most desirable program for our progressive cities; but this does not authorize planning commissions to trifle with the vested rights of property owners. It does not lend tolerance to the whims of such a group of men, which results unreasonably in depriving the owner of the use of his property by indefinite and inexcusable delay in compliance with the law.

We are still operating as a government of law rather than as a government of men. Public agencies are required to comply with the law the same as private citizens.

The writ of mandamus will issue in accordance with the prayer of the petition.

Entry accordingly with exceptions of counsel for the respondents.