THE STATE, EX REL. HILLSIDE PARK ESTATES, INC., ET AL., APPELLEES, *v.* COTNER, CLERK OF CITY COUNCIL OF CITY OF CLEVELAND, APPELLANT.

(No. 39464—Decided November 17, 1965.)

*Messrs. Kinchen, Matia & Mays* and *Mr. Charles E. Merchant,* for appellees.

*Mr. Bronis J. Klementowicz,* director of law, *Mr. Daniel J. O'Loughlin* and *Mr. George J. Dinda,* for appellant.

26

*Per Curiam.* There is no mandatory duty specially enjoined by law upon the respondent as clerk of the city council of Cleveland to issue a certificate as requested by relators.

Section 711.09, Revised Code, upon which relators rely, provides in part:

"Whenever a *city* planning commission adopts a plan for the major streets * * * of a city or any part thereof * * * no plat of a subdivision within such city * * * shall be recorded until it has been approved by the *city* planning commission and such approval indorsed in writing on the plat. * * *

"Whenever a *village* planning commission * * * or * * * the legislative authority of a *village*, adopts a plan for the major streets * * * of such *village* or any part thereof, then no plat of a subdivision of land within such *village* shall be recorded until it has been approved by the *village* * * * legislative authority and such approval indorsed in writing on the plat.

"The approval of * * * the legislative authority of a *village*, required by this section, or the refusal to approve, shall be endorsed on the plat * * * and the certificate of * * * the clerk of such legislative authority * * * shall be issued on demand * * *." (Italics supplied.)

By the express terms of the statute above quoted, the duty to issue a certificate such as is sought by the relators herein devolves upon the clerk of a legislative authority of a *village*, but not of a city. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.