P. H. ENGLISH, INC., APPELLEE, *v.*
KOSTER ET AL., APPELLANTS.

[Cite as P. H. English v. Koster (1980),
61 Ohio St. 2d   17.]

(No. 79-285—Decided January 2, 1980.)

*Messrs. Petersen, Pasqualone & Burt, Mr. Jerry A.
Petersen* and *Mr. Terry G. Pasqualone,* for appellee.

*Mr. John F. Norton,* prosecuting attorney, and *Mr. Timothy A. Marcovy,* for appellants.

*Per Curiam.* The initial issue raised by this appeal is whether Sections 307 and 308 of the Subdivision Regulations of Geauga County conflict with the dictates of R. C. 711.10. This statute grants county and regional planning commissions authority to adopt rules and regulations governing plats and subdivisions of land.[1] It also provides that once a plat is submitted, "[t]he approval of the planning commission or the refusal to approve shall be endorsed on the plat within thirty days after the submission of the plat for approval***; otherwise such plat is deemed approved***." Thereafter, the approved plat can be recorded.

Pursuant to this grant of rule-making authority, appellant adopted Sections 307 and 308 to provide for the consideration of preliminary and final plats, respectively. These two regulations are similar to the extent that they require a developer to file the appropriate plat with the director of the planning commission, who shall present it to the commission, as a whole, within 30 days; and once the commission deems it properly submitted, they shall act upon it within 30 days. Section 307 includes a proviso that "[a]pproval of the preliminary plat shall not imply the acceptance of the plat for record purposes."

It is an established principle that, in order to effectively operate, administrative boards and commissions must have the power to promulgate regulations and rules of procedure. As observed by this court in *State, ex rel. Curtis,* v. *DeCorps* (1938), 134 Ohio St. 295, 298, "***[i]t is not conceivably possible for the Legislature to prescribe the entire host of

---

[1] R. C. 711.10 grants such authority in the following fashion:

"Any such county or regional planning commission shall adopt general rules and regulations, of uniform application, governing plats and subdivisions of land falling within its jurisdiction, to secure and provide for the proper arrangement of streets or other highways in relation to existing or planned streets or highways or to the county or regional plan, for adequate and convenient open spaces for traffic, utilities, access of fire fighting apparatus, recreation, light, air, and for the avoidance of congestion of population. Such rules and regulations may provide for the modification thereof by such county or regional planning commission in specific cases where unusual topographical and other exceptional conditions require such modification."

details incident to administration. Of necessity, many of these must be left to the administrative bodies charged with putting the policy into practical effect." The basic limitation on this authority is that an administrative agency may not legislate by enacting rules which are in excess of legislative policy, or which conflict with the enabling statute.

Appellee contends that the instant regulations do conflict with R. C. 711.10 because Section 308 makes approval of the preliminary plat a condition precedent to consideration of the final plat. This procedure arguably gives the planning commission 30 days to act upon the preliminary plat, and another 30 days to approve or disapprove the final plat.[2] English claims that this two-step process allows the commission to delay action on a proposed subdivision for 60 days, while the statute requires a final determination within 30 days. Appellant, on the other hand, maintains that this procedure is acceptable since R. C. 711.10 speaks simply of "plats," and each plat is ruled upon within 30 days of submission.

The Supreme Court of Connecticut was faced with a similar controversy in *Finn* v. *Planning & Zoning Comm. of Seymour* (1968), 156 Conn. 540, 244 A. 2d 391. The controlling statute there required commission action on a submitted subdivision application within 60 days, but the regulations provided for a two-step submission of preliminary and final plans, with the commission having 60 days to consider each. The court therein, at page 544, determined that the purpose of the statutory default provision was to "ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. * * *To the extent that the regulations increased the time beyond the permissible period of sixty days from the submission of the application to the decision of the commission, such regulations are invalid."

We too must conclude that the 30-day limitation in R. C. 711.10 is designed to ensure prompt action to protect the developer from bureaucratic obstructionism. If the commis-

---

[2] Sections 307 and 308 could be construed to allow the planning commission director 30 days to present the appropriate plat to the commission itself, and then give the full commission 30 more days to consider it. However, in the instant cause the preliminary plat was disapproved by the commission within 30 days after the director received it. As this opinion will show, the commission must act within 30 days after the plat is received by the director.

sion fails to act within that time, the plat is deemed approved *and prime for recordation.*

Appellant[3] attempts to circumvent this default provision by creating a two-step approval process, each with a 30-day consideration period. Under these regulations, approval of a preliminary plat is not sufficient for recordation purposes, and a subdivider proceeds at his own risk in developing the property without waiting another 30 days to ensure approval of his final plat. As stated in *State, ex rel. Wollett,* v. *Oestreicher* (1953), 68 Ohio Law Abs. 51, 53, "the***Planning Commission cannot by rules and regulations limit or extend the terms of the statute. The only remedy of the commission is to refuse to approve the plat if it does not comply with the rules and regulations of the commission."

To the extent that Sections 307 and 308 of the subdivision regulations allow for more than 30 days, from the date a plat is filed with the commission staff until it is *finally* approved or disapproved, those regulations are invalid as conflicting with R. C. 711.10. However, we hasten to add that the adoption of a two-step process is not itself unlawful under this statute. The planning commission may still require preliminary and final submissions, as long as the entire process, from filing of the preliminary plat to approval or disapproval of the final plat, is completed within 30 days.

The remaining question to be resolved is whether appellee is entitled to have its final plat recorded. English filed both plats on February 24, 1978. Proceeding according to Section 307, the planning commission disapproved the preliminary plat and stated the grounds for disapproval in the minutes of its March 14, 1978, meeting. Since Section 308 made approval of the preliminary plat a condition precedent to consideration of the final plat, appellant apparently considered the latter plat a nonentity and took no action upon it.

While the commission may thus summarily dismiss the final plat as not properly before it, when it has just previously disapproved the preliminary plat, appellant committed a fatal error in proceeding as it did. It failed to endorse its refusal to approve on either the preliminary or final plat, as required by R. C. 711.10.[3] Such endorsement must appear on a plat

---

[3] Section 307 states that the grounds for disapproval of the preliminary plat

within 30 days of submission, "otherwise such plat is deemed approved."

Having failed to comply with this mandatory step, the plats are approved by operation of law, and appellee is entitled to the order to record issued by the Court of Common Pleas.

For the above stated reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE, C. J., LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. Sections 307 and 308 of the Subdivision Regulations of Geauga County were promulgated pursuant to the rule-making authority granted by the General Assembly to county or regional planning commissions in R. C. 711.10. In order to be found invalid, such regulations must be in direct conflict with other law, or be unreasonable or unlawful in some respect.

Here the subdivision regulations reasonably required a preliminary plat in order to enable the personnel involved to make a full review of the use to which the land is to be utilized by a potential developer. Such is in keeping and accord with the duty of the planning commission to coordinate and conform the proposed land use with the established community planning goals.

The preliminary plat regulations here are a valid and reasonable method by which accommodation is made to ever growing residential housing needs and the development plans prepared, filed and executed to accommodate such residential needs.

In any event, where, as here, the preliminary plat has been acted upon within the 30-day period and refused by the

---

shall appear on the record of the commission, and Section 308 provides that the approval or disapproval shall be endorsed upon the final plat. R. C. 711.10 requires that both these acts be done. Thus, in order to comply with the statute, a planning commission must enter the grounds for disapproval in its minutes *and* endorse its refusal on at least one of the plats.

commission, it may be reasonably assumed that the final plat has also been rejected even though not specifically acted upon.

I find there to be no direct conflict between R. C. 711.10 and Sections 307 and 308 requiring the approval of a preliminary plat as a condition precedent to the submission of a final plat. The latter are valid procedural regulations adopted pursuant to the grant of authority found in R. C. 711.10. The decision of the Court of Appeals that the preliminary plat requirement is void because this statute does not specifically authorize such plats is a limited and erroneous reading of this enabling law. It is my view that this law was enacted for the purpose of assisting developers who desire expeditious handling of their plats, while at the same time allowing for a full review and proper application of planning requirements by planning commissions throughout the state.

I would reverse the judgment of the Court of Appeals.

CELEBREZZE, C. J., and LOCHER, J., concur in the foregoing dissenting opinion.