OPINION
{¶ 1} Appellant, Ohio Department of Commerce, Division of Real Estate and Professional Licensing (the "division"), appeals from the October 24, 2002 judgment entry of the Franklin County Court of Common Pleas in favor of appellee, Robert A. Pacella. The court of common pleas reversed the March 26, 2002 decision of the Ohio State Real Estate Commission ("commission") that found appellee committed misconduct in violation of R.C. 4735.18(A)(6) as it incorporates R.C. 4735.58(A). For the reasons that follow, we affirm.
{¶ 2} The parties are in agreement on the following facts: appellee is a licensed real estate sales person in the state of Ohio. Appellee entered into an exclusive listing agreement to sell real estate known as 1110 Bermath Parkway, Toledo, Ohio. On April 8, 2001, appellee provided the seller of real estate the agency disclosure statement ("disclosure") pursuant to R.C. 4735.58(A). At that time, appellee did not secure, or request, the seller's signature on the disclosure. On June 1, 2002, after the real estate had been marketed, the seller signed the disclosure when the agent for the purchaser provided it in accordance with R.C. 4735.58(B).
{¶ 3} On December 20, 2001, the division charged appellee with violating R.C. 4735.58(A), which reads as follows:
{¶ 4} "A licensee acting as seller's agent shall provide the seller an agency disclosure statement * * * prior to marketing or showing the seller's property."
{¶ 5} Appellee waived a formal hearing and the matter was submitted to a division hearing officer on stipulations, exhibits and appellee's brief. The hearing officer considered whether appellee's failure to secure the signature of the seller on the disclosure constituted a violation of the statute. On February 11, 2002, the division issued a decision that interpreted the presentment clause in R.C. 4735.58, in conjunction with Ohio Adm. Code 1301:5-6-06, to imply a duty of the real estate agent ("agent") to obtain the signature of the seller, or note its rejection, upon the delivery of the instrument. Ohio Adm. Code 1301:5-6-06, states:
{¶ 6} "(A) A licensee who established the agency relationship with the seller is required to provide the seller with an agency disclosure statement prior to any marketing or any showing of the seller's property * * * unless the disclosure was previously provided by a licensee within the same brokerage.
{¶ 7} "(B)(1) If a purchaser or seller declines to sign an agency disclosure form that is presented * * * the licensee shall note the following on the bottom of the form:
{¶ 8} "(a) The party(ies) to whom the form was presented;
{¶ 9} "(b) The date and time the form was presented;
{¶ 10} "(c) The fact that the party(ies) declines to sign the form; and,
{¶ 11} "(d) The reason the party(ies) declines to sign the form if known."
{¶ 12} The division concluded appellee's conduct violated the statute because the disclosure contained neither the signature of the seller, nor a notation of rejection, dated prior to the marketing and showing of the real estate.
{¶ 13} On March 26, 2002, the commission adopted the decision of the hearing officer and ordered a penalty in the form of a $100 fine and three hours of continuing education. On April 9, 2002, appellee filed a timely notice of appeal with the court of common pleas pursuant to R.C.119.12.
{¶ 14} On October 3, 2002, the court of common pleas issued an opinion reversing the commission's order and finding that appellee's delivery of the disclosure to the seller complied with plain language of R.C. 4735.58. On October 24, 2002, the court of common pleas entered the final appealable order. The division filed a timely appeal with this court on November 6, 2002. Appellant assigns the following as error:
{¶ 15} "1. The lower court erred when it failed to interpret R.C.4735.58 in pari material with R.C. 4735.57 and O.A.C. 1301:5-6-06 and improperly held that no signature was required on an agency disclosure form.
{¶ 16} "2. The lower court erred in determining that the order of the Ohio Real Estate Commission was not supported by reliable, probative and substantial evidence and was not in accordance with law."
{¶ 17} Appellant's assignments of error are interrelated and will be addressed together. Appellant argues the court of common pleas erred by not interpreting R.C. 4735.58 in pari materia with R.C. 4735.57 and Ohio Adm. Code 1301:5-6-06 to conclude the seller's signature is required on the disclosure prior to the marketing or showing of real estate. R.C.4735.57(A) reads, in part:
{¶ 18} "The superintendent of real estate, with the approval of the Ohio real estate commission, shall establish by rule the agency disclosure statement, which shall specify the duties of a licensee in a real estate transaction pursuant to this chapter. The agency disclosure statement shall contain a place for the licensee and the parties to the transaction to sign and date the statement * * *.
{¶ 19} "* * *
{¶ 20} "[T]he signature of the client indicates the client consents to the agency relationship and that if the client does not understand the agency disclosure statement, the client should consult an attorney."
{¶ 21} In an administrative appeal, pursuant to R.C. 119.12, the court of common pleas reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. E.g., Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571; Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. Questions on appeal relating to statutory construction are legal issues in which we review de novo. Univ. Hosp., Univ. of Cincinnati College of Med. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343.
{¶ 22} A court's paramount concern in construing a statute is the legislative intent as determined by a review of the statute's language and purpose. Covington v. Indiana Dept. of Natural Resources, Franklin App. No. 01AP-1034, 2002-Ohio-2874, citing State ex rel. Watkins v. Eighth District Court of Appeals (1998), 82 Ohio St.3d 532, 535. "[A] statute which is unambiguous and definite on its face is to be applied as written and not construed." Harding v. Conrad (June 17, 1997), Franklin App. No. 96APE11-1592, citing State ex rel. Herman v. Klopfleisch (1995),72 Ohio St.3d 581, 584. See D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health, 96 Ohio St.3d 250, 254-255, 2002-Ohio-4172. In other words, if the plain meaning application of a statute is apparent on its face, no further application of the rules of statutory construction is necessary.
{¶ 23} A review of the statute shows R.C. 4735.58 is unambiguous and its plain meaning should be applied. R.C. 4735.58(A) clearly states the agent "acting as a seller's agent shall provide the seller" the disclosure "prior to marketing or showing the seller's property." (Emphasis added.) No language in R.C. 4735.58 requires the agent to obtain proof of the seller's approval or secure the seller's signature when providing the disclosure. This interpretation of R.C. 4735.58(A) is further supported by review of other sections in R.C. 4735.58 that state when an agent must obtain a signature and a date on the disclosure from a purchaser.
{¶ 24} R.C. 4735.58(B)(2) states "[t]he licensee shall obtain the purchaser's signature and the date on an agency disclosure statement at the first meeting with the purchaser following verbal disclosure of the agency relationship." (Emphasis added.) R.C. 4735.58(C) further states "[a] licensee who is a purchaser's agent or a seller's subagent working with a purchaser shall present the agency disclosure statement to the purchaser and request the purchaser to sign and date the statement * * *." (Emphasis added.)
{¶ 25} These sections constitute two well-delineated instances when the agent is required to obtain a signature and a date from a purchaser. Absent from the statute are any comparable requirements relating to the seller. The General Assembly could have easily inserted language into R.C. 4735.58(A) establishing an agent's duty to "obtain" or "request" a signature from a seller prior to the marketing or showing of a property. Therefore, it is proper to conclude that the General Assembly did not intend to include such a duty under R.C. 4735.58. Because the statute has plain meaning, we will apply it as written and not construe it further using the rules of statutory construction.
{¶ 26} The division contends that R.C. 4735.58 must be read in conjunction with R.C. 4735.57 and Ohio Adm. Code 1301:5-6-06, which creates an implied duty to secure the signature of the seller upon delivery of the disclosure. We disagree.
{¶ 27} "It is well settled that an administrative agency has only such regulatory power as is delegated to it by the General Assembly. Authority that is conferred by the General Assembly cannot be extended by the administrative agency." D.A.B.E., at 259. Administrative rules may not formulate public policy, but rather are limited to developing and administering policy already established by the General Assembly. Id. "[I]mplied power is only incidental or ancillary to an express power, and, if there be no express grant, it follows, as a matter of course, that there can be no implied grant." Id., quoting State ex rel. A. Bentley Sons Co. v. Pierce (1917), 96 Ohio St. 44, 47. "[A]n administrative agency may not legislate by enacting rules which are in excess of legislative policy, or which conflict with the enabling statute." Taber v. Ohio Dept. of Human Serv. (1998), 125 Ohio App.3d 742,750, quoting P.H. English v. Koster (1980), 61 Ohio St.2d 17, 19.
{¶ 28} An interpretation of Ohio Adm. Code 1301:5-6-06 to require an agent to secure or request the signature of the seller upon presentment of the disclosure would exceed the scope of power delegated to the division of R.C. 4735.58. As previously discussed, R.C. 4735.58
clearly describes the instances when a signature shall be obtained or requested upon presentment of the disclosure. No express power is delegated to the commission or the division to enforce such a duty against an agent in relation to a seller. The General Assembly clearly distinguished an agent's duty owed to a seller from that owed to a purchaser.
{¶ 29} The statute is a product of legislative policy-making that required the balancing of economic, political and social interests. As a result of this process, the General Assembly delegated specific authority to the division to create a disclosure form that declared the duties of agents involved in real estate transactions pursuant to R.C. 4735.58. Under R.C. 4735.10(A)(2)(a), the General Assembly further delegated express authority to enforce an agent's duty to secure or request the signature of a purchaser in specific, well-delineated instances pursuant to R.C. 4735.58. By enforcing, and effectively creating, a similar duty in relation to a seller, the division exceeds its administrative power and encroaches upon the legislative policy-making power of the General Assembly.
{¶ 30} Therefore, for the foregoing reasons, we find the court of common pleas did not err when it reversed the commission's order because the order was not in accordance with law. We overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and WATSON, JJ., concur.