[Cite as *Wesolowski v. Broadview Hts. Planning Comm.* , 2018-Ohio-1295.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105697**

---

## GLORIA WESOLOWSKI

PLAINTIFF-APPELLEE

vs.

## PLANNING COMMISSION, CITY OF BROADVIEW HEIGHTS, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-863151

**BEFORE:** Kilbane, P.J., McCormack, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 5, 2018

**ATTORNEYS FOR APPELLANTS**

R. Todd Hunt
Aimee W. Lane
Walter & Haverfield, L.L.P.
The Tower at Erieview
1301 East 9th Street - Suite 3500
Cleveland, Ohio 44114

Vince Ruffa
Director of Law
City of Broadview Heights
Richard Pignatiello
Joseph Grandinetti
Assistant Directors of Law
9543 Broadview Road
Broadview Heights, Ohio 44146


**ATTORNEYS FOR APPELLEE**

Benjamin J. Ockner
Majeed G. Makhlouf
Berns, Ocknew & Greenberger, L.L.C.
3733 Park East Drive - Suite 200
Beachwood, Ohio 44122

**ALSO LISTED**

For Cuyahoga County Fiscal Officer

Robert J. Triozzi
Cuyahoga County Director of Law
BY: Robin M. Wilson
Assistant Director of Law
2079 East 9th Street, 7th Floor
Cleveland, Ohio 44115

MARY EILEEN KILBANE, P.J.:

{¶1} Defendants-appellants, the city of Broadview Heights Planning Commission and the city of Broadview Heights (collectively referred to as "the City"), appeal from the trial court's decision granting partial summary judgment in favor of plaintiff-appellee, Gloria Wesolowski ("Wesolowski"), on her claim for declaratory judgment. For the reasons set forth below, we affirm.

{¶2} This instant appeal arises from the City's denial of Wesolowski's plan to subdivide her approximately 3.42 acres of land into three additional residential lots. Wesolowski has owned the property, which is located in Broadview Heights, since 2006.[1] Between 1988 and 2007, the City levied a special assessment on the property for sanitary sewer improvements on the determination that the assessment would benefit the houses that could be built on the rectangular-shaped property.

{¶3} Currently, the property has one single-family home on its eastern end toward Broadview Road. The new homes were proposed to be built on the portion extending westward behind the existing home. In early 2015, Wesolowski submitted the first of three applications for approval to create additional lots on her property. The plan included additional land adjacent to one of Wesolowski's parcels that she was going to purchase from her neighbor, Andrew Alai ("Alai"). The City conditionally approved her first proposed subdivision layout in May 2015. The approval was conditioned on

---

[1] From 2006-2010 Wesolowski owned the property with her brother. Wesolowski became the sole owner of the property in 2010.

Wesolowski's agreement to donate one of the newly subdivided lots to the City for use in managing area storm water. Ultimately, the City denied approval in January 2016.

{¶4} In February 2016, Wesolowski reapplied for approval with an amendment to her initial proposal. The amended proposal contained a total of four lots, with no donation to the City. The second proposal also incorporated the area of property Wesolowski had under contract with Alai. With this additional land, the three newly created lots would be 30,000 square feet, which was the City's minimum lot size. Alai rescinded the purchase offer on March 9, 2016, the same day of the Planning Commission's meeting. The Planning Commission then determined that Wesolowski's plan needed to be corrected and resubmitted before it could be considered.

{¶5} On March 30, 2016, Wesolowski submitted a revised third version of the proposed subdivision. The third revision contained redrawn property lines and additional information addressing comments from the City and neighboring residents (the size, style, and values of the proposed new homes along with those in the neighborhood). This amended proposal was denied at the April 13, 2016 Planning Commission meeting.

{¶6} On May 17, 2016, Wesolowski's counsel made a formal written demand to the Planning Commission under R.C. 711.09(C) for a "certificate in lieu of endorsement of approval" of her proposed subdivision.[2] On May 31, 2016, the City's Assistant Law

---

[2]R.C. 711.09(C) provides in relevant part:

The approval of the planning commission, the platting commissioner, or the legislative authority of a village required by this section, or the refusal to approve, shall be endorsed on the plat within thirty days

Director replied to Wesolowski in a letter in which he stated that he was just recently able to compile a summary of reasons for the Planning Commission's denial of her minor subdivision because the meeting minutes did not become available until May 18, 2016. The Planning Commission denied the proposed subdivision because the layout is unsatisfactory and the proposal did not comply with the City's Zoning Code, including Section 1246.05 — Lot Design. The letter goes on to state that Wesolowski does not have enough property to have an approvable subdivision.

{¶7} Also in May 2016, Wesolowski filed two separate cases in the Cuyahoga County Court of Common Pleas. In Cuyahoga C.P. No. CV-16-863151, she filed a petition for approval of lot-split under R.C. 711.09(C). In Cuyahoga C.P. No. CV-16-863175, she filed an administrative appeal from the Planning Commission's April 13, 2016 decision. The trial court consolidated the two cases in July 2016.

{¶8} In August 2016, Wesolowski filed an amended petition. In her amended petition, Wesolowski sought approval of her amended subdivision plan under R.C. 711.09 and a peremptory or alternative writ of mandamus, or in the alternative, a complaint for declaratory relief. Wesolowski alleges that she has no administrative remedy to compel

---

after the submission of the plat for approval or within such further time as the applying party may agree to; otherwise that plat is deemed approved, and the certificate of the planning commission, the platting commissioner, or the clerk of the legislative authority, as to the date of the submission of the plat for approval and the failure to take action on it within that time, shall be issued on demand and shall be sufficient in lieu of the written endorsement or other evidence of approval required by this section.

the City to perform the duty R.C. 711.09(C) imposes on the Planning Commission to issue the demanded certificate in lieu of a written endorsement of approval for the amended subdivision plan.

{¶9} More specifically, she alleges that the City failed to comply with R.C. 711.09(C) and the Broadview Heights Codified Ordinances 1244.03(d) ("B.H.C.O. 1244.03(d)"), which provides:

> Rejection. If the Commission determines that [the sketch plan] is a major subdivision, or the sketch plan is not approved for other reasons, the Commission shall state the conditions to be complied with before it will be approved and return the sketch to the developer with reasons specified.

R.C. 711.09(C) imposes a 30-day time frame to deny an application for plat approval. She alleges that as of May 2, 2016, the 33rd day following her March 30, 2016 sketch plan, the City failed to: (1) return the plan; (2) provide an endorsement reflecting its refusal to approve it; (3) adopt a statement of the grounds for refusing the sketch plan; and (4) provide a statement of the conditions to be complied with before the sketch plan would be approved. She further alleges that on May 17, 2016, 48 days after the submission of her sketch plan, she sent the City a formal demand under R.C. 711.09(C) for the required "certificate in lieu of endorsement of approval," which the City never issued. As a result, Wesolowski contends she is entitled to a declaratory judgment that her amended sketch plan is deemed approved, and the City must issue her the certificate in lieu of written endorsement of approval.

{¶10} In September 2016, Wesolowski filed a motion for partial summary judgment as to the mandamus and declaratory judgment claims. The City opposed,

arguing that: (1) R.C. 711.09(C) does not apply because, by its plain language, the statute only applies to village planning commissions; (2) the City has its own subdivision regulations under its home rule powers; and (3) Wesolowski has an adequate administrative remedy at law — her R.C. Chapter 2506 appeal. The trial court denied Wesolowski's motion with respect to her mandamus claim, but granted Wesolowski's summary judgment as to the declaratory judgment claim. The trial court stated:

> [Wesolowski] is hereby granted a declaratory judgment pursuant to [R.C. 2721.03]. The [R.C. 711.09(C)] conditions to [Wesolowski's] entitlement to the demanded certificate of approval have been satisfied, and the City is required by the statute to issue that certificate to [Wesolowski] forthwith. [The City] has not complied with the procedural standards and timeframes of [R.C. 711.09(C)] and [Wesolowski's] right to a certificate of approval as provided for in [R.C. 711.09(C)] has matured. [Wesolowski's] R.C. Chapter 2506 appeal and all other pending claims are hereby stayed. Pursuant to Civ.R. 54(B) there is no just reason for delay.

{¶11} It is from this order that the City appeals, raising the following single assignment of error for review:

### Assignment of Error

> The trial court erred in granting summary judgment to [Wesolowski] with respect to her declaratory judgment claim and ordering [the City] to issue a certificate to [Wesolowski] pursuant to the subdivision procedures set forth in R.C. 711.09(C) because being a city planning commission, rather than a village commission, this statute does not apply to [the City] and the subdivision of property in the City is governed by the subdivision regulations adopted by City Council pursuant to the home rule powers granted to municipal corporations by Article XVIII, Section 3 of the Ohio Constitution.

### Standard of Review — Summary Judgment

**{¶12}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

**{¶13}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

<u>Declaratory Judgment</u>

{¶14} The purpose of a declaratory judgment action is "'to serve the useful end of disposing of uncertain or disputed obligations quickly and conclusively.'" *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 46 quoting *Ohio Farmers Indemn. Co. v. Chames*, 170 Ohio St. 209, 213, 163 N.E.2d 367 (1959). Issues of statutory interpretation can be properly presented in a complaint for declaratory judgment. R.C. 2721.03.

{¶15} In order to obtain declaratory judgment relief, a party must establish: (1) a real controversy exists between the parties; (2) the controversy is justiciable; and (3) speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Ohio Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973), citing *American Life & Acc. Ins. Co. v. Jones*, 152 Ohio St. 287, 89 N.E.2d 301 (1949).

{¶16} With these principles in mind, we now turn to the following issues the City raises in its assignment of error: (1) whether the provisions of R.C. 711.09(C) are inapplicable to the City; (2) whether the City's ordinances, as a "home rule" municipality, prevail over the provisions in R.C. 711.09(C); and (3) whether Wesolowski has an adequate administrative remedy to obtain the relief sought in her case through her R.C. Chapter 2506 administrative appeal.

R.C. 711.09

{¶17} The City argues that R.C. 711.09(C) is inapplicable to it because the statute applies only to village planning commissions. Alternatively, the City argues that even if

R.C. 711.09(C) is applicable to it, the City's subdivision regulations prevail under the

"home rule."

{¶18} R.C. 711.09 governs "planning commission or legislative approval of plat;

petition for recording; and village subdivision regulation[.]"   It provides in relevant part:

> (A)(1) Except as otherwise provided in division (A)(2) of this section, when a *city planning commission* adopts a plan for the major streets or thoroughfares and for the parks and other open public grounds of a city or any part of it, or for the unincorporated territory within three miles of the corporate limits of a city or any part of it, then no plat of a subdivision of land within that city or territory shall be recorded until it has been approved by the city planning commission and that approval endorsed in writing on the plat.
>
> * * *
>
> (B)(1) Except as otherwise provided in division (B)(2) of this section, when a *village planning commission*, a platting commissioner, or, if there is no commission or commissioner, the legislative authority of a village, adopts a plan for the major streets or thoroughfares and for the parks and other public grounds of a village or any part of it, then no plat of a subdivision of land within that village shall be recorded until it has been approved by the village commission, commissioner, or legislative authority and that approval endorsed in writing on the plat.
>
> * * *
>
> (C) *The approval of the planning commission, the platting commissioner, or the legislative authority of a village* required by this section, or the refusal to approve, shall be endorsed on the plat within thirty days after the submission of the plat for approval or within such further time as the applying party may agree to; otherwise that plat is deemed approved, *and the certificate of the planning commission, the platting commissioner, or the clerk of the legislative authority*, as to the date of the submission of the plat for approval and the failure to take action on it within that time, shall be issued on demand and shall be sufficient in lieu of the written endorsement or other evidence of approval required by this section.   *The planning commission, platting commissioner, or legislative authority of a village* shall not require a person submitting a plat to alter the plat or any part of it

as a condition for approval, as long as the plat is in accordance with the general rules governing plats and subdivisions of land, adopted as provided in this section, in effect at the time the plat was submitted. The ground of refusal or approval of any plat submitted, including citation of or reference to the rule violated by the plat, shall be stated upon the record of the commission, commissioner, or legislative authority. Within sixty days after refusal, the person submitting any plat that *the commission, commissioner, or legislative authority* refuses to approve may file a petition in the court of common pleas of the proper county, in which the person shall be named plaintiff. * * * The court shall hear the matter upon such evidence as is introduced by either party and the planning authority may introduce as a part of its case a complete transcript of any proceedings had before it. * * * If the court finds that the prayer for the recording of the plat or any modification of it as may be agreed to or proposed by the plaintiff, is supported by a preponderance of the evidence, it shall enter an order directed to the recorder to record the plat as originally submitted or as agreed to be modified. Otherwise, the petition shall be dismissed. * * * The judgment or order of the court may be appealed by either party on questions of law as in other civil cases.

* * *

In the exercise of any power over or concerning the platting and subdivision of land or the recording of plats of subdivisions by a *city, county, regional, or other planning commission* pursuant to any other section of the Revised Code, the provisions of this section with respect to appeals from a decision of a planning commission apply to the decision of any such commission in the exercise of any power of that kind granted by any other section of the Revised Code in addition to any other remedy of appeal granted by the Revised Code.

(Emphasis added.)

{¶19} The City contends that the plain reading of the statute mandates that R.C. 711.09(A) only applies to city planning commissions and R.C. 711.09(B) and (C) only apply to village planning commissions.

{¶20} We note that a court's primary goal in statutory interpretation is to give effect to the legislature's intent. *Christe v. GMS Mgt. Co.*, 88 Ohio St.3d 376, 377,

2000-Ohio-351, 726 N.E.2d 497 (2000). As the Ohio Supreme Court stated in *Simpkins v. Grace Brethren Church of Delaware*, 149 Ohio St.3d 307, 2016-Ohio-8118, 75 N.E.3d 122, ¶ 53:

> In determining that intent, the court first looks to and gives effect to the statutory language without deleting words used or inserting words not used. *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40, 2001-Ohio-236, 741 N.E.2d 121 (2001), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973) and *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. If the meaning of the statute is unambiguous, we must apply it as written. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 1996-Ohio-291, 660 N.E.2d 463 (1996).

{¶21} In the instant case, a plain reading of the statute reveals the legislature intended that the remedial procedures in R.C. 711.09 apply to both cities and villages. In fact, the first sentence of R.C. 711.09(C) provides that the "*approval of the planning commission, the platting commissioner, or the legislative authority of a village* required by this *section*, or the refusal to approve, shall be endorsed on the plat within thirty days after the submission of the plat for approval[.]" (Emphasis added.) On its face, R.C. 711.09(C) applies to "approvals" by the "planning commission" (a city's planning commission) required by "this section" (R.C. 711.09). When reading R.C. 711.09 as a whole, it explicitly states where it intends to restrict its operation to only "village planning commissions" in R.C. 711.09(B)(1) and the third paragraph of 711.09(C). Therefore, R.C. 711.09(C)'s general reference to "planning commission," without the qualifier, refers to all "planning commissions" referenced in section R.C. 711.09, just as R.C. 711.09(C)'s first sentence specifies.

**{¶22}** In support of its argument, the City relies on *State ex rel. Hillside Park Estates, Inc., v. Cotner*, 4 Ohio St.2d 25, 211 N.E.2d 832 (1965). We note that in *Hillside*, the Ohio Supreme Court discussed an earlier version of R.C. 711.09 that did not contain any mention of "planning commission" or "platting commissioner." In *C & D Partnership v. Gahanna*, 10th Dist. Franklin No. 82AP-919, 1983 Ohio App. LEXIS 15225 (Oct. 6, 1983), the concurring opinion addresses the legislative history of R.C. 711.09 and its applicability to city and village planning commissions. The opinion states:

> R.C. 711.09 applies to city as well as village planning commissions. [This] is clear from the legislative history, any confusion resulting solely from the substitution of the words 'legislative authority of a village' from the original words 'village council' made by the 1953 Code Revision * * * did not change the meaning of the statute.

*Id.* at 14, fn.1. Thus, based on the foregoing, a plain reading of R.C. 711.09 provides that the remedial provisions of R.C. 711.09(C) apply to both cities and villages.

**{¶23}** The City next argues that even if R.C. 711.09(C) could be construed to be applicable, the adoption of local subdivision regulations by a "home rule municipal corporation," such as the City, is an exercise of the power of local self-government. As a result, the City maintains that its subdivision regulations, found in its planning and zone code (Chapter 1244), prevail over state law, specifically, the procedural remedies set forth in R.C. 711.09(C).

**{¶24}** The City, however, mischaracterizes local subdivision regulations as an exercise of its municipal "power of self-government." Rather, the City's exercise of

local subdivision regulations is an exercise of "police powers." Both powers comprise the "home rule" power conferred on Ohio municipalities in Article XVIII, Section 3, of the Ohio Constitution, which provides that: "[m]unicipalities shall have authority to exercise all powers of local self-government to adopt and enforce within their limit such local police, sanitary and other similar regulations, as are not in conflict with general laws." Under this section, "municipal charter and ordinance provisions enacted under the power of local self-government prevail over state statutes, and only municipal regulations enacted pursuant to a city's police powers are subject to the general laws of the state." *Ohio Assn. of Pub. School Emps. v. Twinsburg*, 36 Ohio St.3d 180, 182, 522 N.E.2d 532 (1988), citing *State ex rel. Canada v. Phillips*, 168 Ohio St. 191, 151 N.E.2d 722 (1958).

{¶25} In *State ex rel. Kearns v. Ohio Power Co.*, 163 Ohio St. 451, 460, 127 N.E.2d 394 (1955), the Ohio Supreme Court included "planning" in its definition of police power. The court stated that planning "embraces the systematic and orderly development of a community with particular regard for streets, parks, industrial and commercial undertakings, civic beauty and other kindred matters properly included within the police power." *Id.*, citing 1 Yokley's Zoning Law and Practice 2, 3, Section 1 (2d Ed.); *Mansfield & Swett, Inc. v. Town of West Orange*, 120 N.J.L, 145, 149; *Mills v. Baton Rouge*, 210 La. 830, 839, 28 So.2d 447 (1946).

{¶26} In the instant case, because the City's subdivision planning ordinances are an exercise of "local police power," the ordinances must be reconciled with the "general

laws" of the state and may not conflict with it. The Ohio Supreme Court has established a three-part test to determine whether a municipal ordinance must yield to the provisions of a state statute: "[a] state statute takes precedence over a local ordinance when (1) the ordinance is in conflict with the statute, (2) the ordinance is an exercise of the police power, rather than of local self-government, and (3) the statute is a general law." *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, ¶ 9, citing *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted*, 65 Ohio St.3d 242, 1992-Ohio-65, 602 N.E.2d 1147, citing *Auxter v. Toledo*, 173 Ohio St. 444, 183 N.E.2d 920 (1962).

{¶27} We note that in certain circumstances, the Ohio Supreme Court has deviated from the above test and applied a "conflict-by-implication test." *Am. Fin. Servs. Assn. v. Cleveland*, 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776. This "test considers whether an ordinance prohibits that which a statute implicitly permits or, presumably, whether an ordinance allows that which a statute implicitly prohibits." *Viola Park, LTD v. Pickerington*, 5th Dist. Fairfield Nos. 2006 CA 00017, 2006 CA 00030, 2007-Ohio-2900, ¶ 41. Indeed, "[s]uch test has been applied in situations when, even though a statute does not expressly address conduct regulated by an ordinance, the ordinance interferes with the uniform application of the statutory scheme." *Id.*

{¶28} Relevant to this appeal, B.H.C.O. 1244.03 — Minor Subdivision; Sketch Plan — provides in pertinent part:

(e) <u>Approval</u>. If the Commission determines that the proposed division of land is a minor subdivision and that:

(1) All the contiguous land owned by the developer will therein be completely subdivided;

(2) It is properly integrated with adjoining subdivisions or could be properly coordinated with the subdivision;

(3) It complies with the planning principles and other sections of these Regulations, the Zoning Code and other codes and plans of the City; and

(4) The layout is satisfactory, then the minor subdivision shall be approved. A notation to that effect shall be made on the sketch plan by the Chairman and Secretary of the Commission and one copy shall be returned to the developer. The developer shall be informed if a metes and bounds deed description or a plat map will be required. The Secretary of the Planning Commission shall refer the second copy of the sketch to the City Engineer.

(d) Rejection. If the Commission determines that it is a major subdivision, or the sketch plan is not approved for other reasons, the Commission shall state the conditions to be complied with before it will be approved and return the sketch to the developer with reasons specified.

{¶29} R.C. 711.09(C) provides for a 30-day time frame for the planning commission to either approve or deny the subdivision sketch. Thus, R.C. 711.09(C) imposes a 30-day time limit, whereas the City's codified ordinances are silent as to the time frame. In such circumstances, the application of the "conflict by implication" test is appropriate.

{¶30} We find *P.H. English, Inc. v. Koster*, 61 Ohio St.2d 17, 399 N.E.2d 72 (1980), instructive. In that case, the Ohio Supreme Court considered whether Geauga County subdivision regulations conflicted with R.C. 711.10, which provides that once a plat was submitted, the approval of the "'planning commission or the refusal to approve shall be endorsed on the plat within thirty days after the submission of the plat for approval * * *; otherwise such plat is deemed approved[.]'" *Koster* at 18, quoting R.C.

711.10. The Geauga County regulations provided for a two-step process governing plats. The regulations gave the planning commission 30 days to act upon the preliminary plat, and another 30 days to approve or disapprove the final plat. *Id.* In holding that the Geauga County regulations conflicted with R.C. 711.10, the Ohio Supreme Court held:

> The Supreme Court of Connecticut was faced with a similar controversy in *Finn v. Planning & Zoning Comm. of Seymour* (1968), 156 Conn. 540, 244 A.2d 391. The controlling statute there required commission_ action on a submitted subdivision application within 60 days, but the regulations provided for a two-step submission of preliminary and final plans, with the commission having 60 days to consider each. The court therein, at page 544, determined that the purpose of the statutory default provision was to "ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. * * * To the extent that the regulations increased the time beyond the permissible period of sixty days from the submission of the application to the decision of the commission, such regulations are invalid."
>
> We too must conclude that the 30-day limitation in R.C. 711.10 is designed to ensure prompt action to protect the developer from bureaucratic obstructionism. If the commission fails to act within that time, the plat is deemed approved *and prime for recordation._*
>
> Appellant attempts to circumvent this default provision by creating a two-step approval process, each with a 30-day consideration period. Under these regulations, approval of a preliminary plat is not sufficient for recordation purposes, _and a subdivider proceeds at his own risk in developing the property without waiting another 30 days to ensure approval of his final plat. As stated in *State ex rel. Wollett v. Oestreicher* (Ohio Com.Pl.1953), 121 N.E.2d 454, 456, 68 Ohio Law Abs. 51, 53, "the * * * Planning Commission cannot by rules and regulations limit or extend the terms of the statute. The only remedy of the commission is to refuse to approve the plat if it does not comply with the rules and regulations of the commission."
>
> To the extent that Sections 307 and 308 of the subdivision regulations allow for more than 30 days, from the date a plat is filed with the commission staff until it is *finally* approved or disapproved, those regulations are invalid as conflicting with R.C. 711.10. The planning commission may still

require preliminary and final submissions, as long as the entire process, from filing of the preliminary plat to approval or disapproval of the final plat, is completed within 30 days.

(Emphasis sic.) *Id.* at 19-20.

**{¶31}** The lack of a time frame in B.H.C.O. 1244.03 impermissibly conflicts with the procedures set forth in R.C. 711.09(C). B.H.C.O. 1244.03 regulates how to approve the proposed division of land, which is what R.C. 711.09 addresses. Like in *Koster*, to the extent that B.H.C.O. 1244.03 allows for more than 30 days to approve or disapprove the proposed division land, that regulation is invalid as conflicting with R.C. 711.09(C). As a result, the remedial procedures set forth in R.C. 711.09(C) are applicable to the City.

Adequate Administrative Remedy

**{¶32}** Lastly, the City argues that Wesolowski has an adequate administrative remedy through her R.C. Chapter 2506 appeal. As a result, it contends that the trial court's grant of her declaratory judgment claim should be reversed.

**{¶33}** In support of its argument, the City relies on *Donnelly v. Fairview Park*, 13 Ohio St.2d 1, 233 N.E.2d 500 (1968). In *Donnelly*, Fairview Park City Council declined to act on the city planning commission's recommendation that the subdivision plat be approved. The plaintiffs then appealed under R.C. Chapter 2506 to the court of common pleas for the city's failure to comply with its zoning code. The common pleas court found in favor of the plaintiffs, and the city appealed. On appeal, this court reversed the judgment of the common pleas court and entered judgment for the city, reasoning that "'the order appealed from was a legislative act of the Council of the City of Fairview

Park, Ohio, acting in its legislative capacity, and therefore said order was not appealable [to the common pleas court] under Chapter 2506 of the Ohio Revised Code.'" *Id.* at 2.

{¶34} The issue before the Ohio Supreme Court was

whether the action of a municipal council, in refusing or failing to approve the recommendation of a municipal planning commission as to a resubdivision of real estate which is authorized and sanctioned by a zoning ordinance, is legislative and nonappealable under Chapter 2506, Revised Code, or administrative and appealable under that Chapter.

*Id.* at 3.

{¶35} The court concluded that the

failure or refusal of a municipal council to approve a plan for the resubdivision of land which meets the terms of a zoning ordinance already adopted and in existence is an administrative act, and an appeal from such failure or refusal to approve lies to the Court of Common Pleas under Chapter 2506, Revised Code.

*Id.* at paragraph three of the syllabus. In reaching its decision, the court stated: "the test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Id.* at paragraph two of the syllabus.

{¶36} We find *Donnelly,* 13 Ohio St.2d 1, 233 N.E.2d 500, distinguishable from the instant case. Here, Wesolowski is seeking a declaratory judgment based on its demand for the City to issue a "certificate in lieu of endorsement of approval" under R.C. 711.09(C). Whereas in *Donnelly*, the plaintiff sought administrative relief for the City's

failure to act upon a municipal regulation. R.C. 711.09(C) specifically sets forth the remedy for the city's refusal. It provides that

> [w]ithin sixty days after refusal, the person submitting any plat that the commission, commissioner, or legislative authority refuses to approve may file a petition in the court of common pleas of the proper county, in which the person shall be named plaintiff. The petition shall contain a copy of the plat sought to be recorded, a statement of the facts justifying the propriety and reasonableness of the proposed subdivision, and a prayer for an order directed to the recorder to record the plat and may include a statement of facts to support a claim that the rules of the planning authority under which it refused to approve the plat are unreasonable or unlawful.

*Id.*

{¶37} Unlike in *Donnelly*, where the relief was an administrative appeal for the city's failure to act upon a municipal regulation, in the instant case, R.C. 711.09(C) specifically sets forth the plaintiff's remedy, which is a petition in the court of common pleas. Thus, any remedy Wesolowski may have in her R.C. Chapter 2506 appeal does not preclude her from obtaining a declaratory judgment on the basis of R.C. 711.09(C).

{¶38} Accordingly, the trial court properly granted summary judgment as to Wesolowski's declaratory judgment claim. The sole assignment of error is overruled.

{¶39} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
ANITA LASTER MAYS, J., CONCUR